IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE MENDOZA, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 10-CV-2688-JKG |
| | : | |
| v. | : | |
| | : | |
| CITY OF READING, | : | |
| CITY OF READING POLICE DEPARTMENT, | : | (Electronically Filed) |
| OFFICER TIM RAUEN, and | : | |
| JOHN DOES, 1-10, | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CITY OF READING, CITY OF READING POLICE DEPARTMENT, AND SGT. TIM RAUEN**

Defendants City of Reading, City of Reading Police Department, and Sgt. Tim Rauen (hereinafter "Defendants"), by and through their attorneys, Lamb McErlane, PC, hereby answer Plaintiff's Complaint as follows, denying each and every averment except as expressly admitted below:

**Preliminary Statement**

1. Paragraph 1 of the Complaint is a statement of Plaintiff's claims and does not require a response. To the extent a response is deemed required, Defendants deny that Plaintiff's civil rights were violated by Defendants or any Reading Police Officer.

2. Denied.

3. Paragraph 3 of the Complaint is a statement of Plaintiff's claims and does not require a response. To the extent a response is deemed required, Defendants deny that either the "Discovery Rule" or the Doctrine(s) of Equitable Tolling/Fraudulent Concealment apply to the present case.

4. Denied.

## Jurisdiction and Venue

5. Defendants admit that this Court has jurisdiction over the present matter.

6. Defendants admit that venue is proper.

## Parties

7. Admitted, upon information and belief.

8. Denied.

9. Denied as stated. On the contrary, the City of Reading is a city of the third class in the Commonwealth of Pennsylvania, with a principal place of business located at 815 Washington Street, Reading, PA. Defendant Sgt. Rauen is employed by the City of Reading, not the Reading Police Department. The Reading Police Department is the law enforcement arm of the City of Reading. Defendants deny the remaining averments contained in Paragraph 9.

10. Denied as stated. On the contrary, the Reading Police Department is the law enforcement arm of the City of Reading. Defendant Sgt. Rauen is employed by the City of Reading, not the Reading Police Department. Defendants deny the remaining averments contained in Paragraph 10.

11. Admitted in part, denied in part. Defendants admit only that, at all times material hereto, Sgt. Tim Rauen was employed by the City of Reading as a police officer. Defendants deny the remaining averments contained in Paragraph 11.

12. Denied.

## Operative Facts

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Admitted in part, denied in part. Defendants admit only that Plaintiff received two (2) citations as a result of his conduct: one for public drunkenness and one for disorderly conduct/engaged in fighting – both summary offenses. Defendants deny the remaining averments contained in Paragraph 19 of the Complaint.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied. On the contrary, Plaintiff was found guilty beyond a reasonable doubt on both charges – public drunkenness and disorderly conduct – after a summary trial on December 10, 2009. *See* Non-Traffic Citation Docket Nos.: NT-0000830-09 and NT-0000831-09, which are public records and which are attached hereto collectively as Exhibit 1.

25. Denied.

26. Denied.

27. Denied.

## **Damages**

28. Denied.

## **COUNT I**

29. Defendants incorporate by reference their answers to Paragraphs 1 through 28, inclusive, of Plaintiff's Complaint, as if fully set forth at length.

30. Denied.

31. Denied.

## COUNT II -- *MONELL*

32. Defendants incorporate by reference their answers to Paragraphs 1 through 31, inclusive, of Plaintiff's Complaint, as if fully set forth at length.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorneys' fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any and all applicable defenses to Plaintiff's claims. Defendants have not yet obtained discovery from Plaintiff or from third parties in connection with this action, and Defendants reserve the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Defendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

### THIRD AFFIRMATIVE DEFENSE

At no time material hereto did Sgt. Rauen or any other Reading Police Officer act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any unlawful acts or omissions by Sgt. Rauen or any other Reading Police Officer.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

### SIXTH AFFIRMATIVE DEFENSE

Any injury or damage sustained by Plaintiff was a direct and proximate result of Plaintiff's conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by the doctrines of *res judicata* and/or collateral estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Political Subdivision Tort Claims Act 42 Pa. C.S.A. § 8501 *et seq*.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by

reason of Plaintiff's contributory negligence.

**TENTH AFFIRMATIVE DEFENSE**

At all times material hereto, the actions of Sgt. Rauen were appropriate under the circumstances and based upon a reasonable good-faith belief that they were justified under the law.

**ELEVENTH AFFIRMATIVE DEFENSE**

At all times material hereto, the actions of Sgt. Rauen were justified under the circumstances.

**TWELFTH AFFIRMATIVE DEFENSE**

At all times material hereto, Sgt. Rauen used only that amount of force that was reasonable and necessary under the circumstances, and such force was justified under applicable state and federal law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Merely negligent or careless conduct on the part of a police officer is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

**FIFTEENTH AFFIRMATIVE DEFENSE**

No act or failure to act on the part of Sgt. Rauen or any other Reading Police Officer violated Plaintiff's constitutional rights.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from all or part of the claims set forth in Plaintiff's Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

At no time material hereto did the City of Reading or its Police Department adopt or permit, either formally or informally, a policy, custom or practice which tolerated or permitted the violation of the civil rights of any individual, including Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

At all times material hereto, the policies and procedures of the City of Reading and its Police Department have been reasonable and appropriate and have insured the protection of all rights, privileges and immunities of the public, including Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

At all times material hereto, the procedures of the City of Reading and its Police Department for training, evaluating and, when necessary, disciplining police officers have been reasonable and appropriate and have insured the protection of all rights, privileges and immunity of the public, including Plaintiff.

WHEREFORE, Defendants respectfully requests that the Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, and attorneys' fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

LAMB MCERLANE, PC

Dated: August 30, 2010

/s/ Janelle E. Fulton
David J. MacMain (Pa. I.D. No. 59320)
Janelle E. Fulton (Pa. I.D. No. 80027)
24 East Market Street – Box 565
West Chester, PA 19381-0565
(610) 701-3262
*Attorneys for Defendants*
*City of Reading, City of Reading Police Department, and Sgt. Timothy Rauen*

## **CERTIFICATE OF SERVICE**

I, Janelle E. Fulton, hereby certify that on this 30th day of August 2010, I caused the foregoing Answer with Affirmative Defenses to be served upon the following via the ECF system of the United States District Court for the Eastern District of Pennsylvania:

>Matthew W. Weisberg, Esquire
>Weisberg Law PC
>7 South Morton Avenue
>Morton, PA  19070
>mweisberg@ppwlaw.com
>*Attorney for Plaintiff*

This *Certificate of Service* and the said filing are intended to be available for viewing and downloading from the ECF system of the United States District Court for the Eastern District of Pennsylvania.

>/s/ Janelle E. Fulton
>Janelle E. Fulton

# Exhibit 1

**Magisterial District Judge 23-3-09**

## DOCKET



Docket Number: NT-0000830-09

# Non-Traffic Citation Docket

COMMONWEALTH OF PENNSYLVANIA
v.
MENDOZA, JOSE

Page 1 of 1

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | LACHINA, DEBORAH P | Issue Date: | 08/08/2009 |
| OTN: | | File Date: | 08/10/2009 |
| Arresting Agency: | READING CITY, POLICE DEPT | Case Disp: | Guilty By Trial |
| Arresting Officer: | CAMPOS, EDDIE A | Disp Date: | 12/10/2009 |
| Complaint/Incident # | P7841004-3 | Requested: | $0.00 |
| County: | BERKS | Judgment: | $0.00 |
| Township: | READING CITY | Case Status: | Adjudicated |

### DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | MENDOZA, JOSE | Address: | READING, PA  19601 |
| Date Of Birth: | Redacted | Sex: | Male |
| | | Race: | |

### CHARGES

| # | Charge | Grade | Description | Disposition |
|---|---|---|---|---|
| 1 | 18 § 5505 | S | PUBLIC DRUNKENNESS | Guilty |

### CALENDAR

| Schedule Date | Event Type | Status |
|---|---|---|
| 12/10/2009 11:00 AM | Summary Trial | GT |

### CASE ACCOUNTING

| | | | |
|---|---|---|---|
| Total Due: | $470.50 | Total Adj: | $55.50 |
| Total Paid: | $350.00 | Balance: | $65.00 |

### AFFIANT INFORMATION

Name: CAMPOS, EDDIE A

1200

Printed: 08/19/2010  10:06 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



**Magisterial District Judge 23-3-09**

## DOCKET

Docket Number: NT-0000831-09

# Non-Traffic Citation Docket

COMMONWEALTH OF PENNSYLVANIA

v.

MENDOZA, JOSE

Page 1 of 1

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | LACHINA, DEBORAH P | Issue Date: | 08/08/2009 |
| OTN: | | File Date: | 08/10/2009 |
| Arresting Agency: | READING CITY, POLICE DEPT | Case Disp: | Guilty By Trial |
| Arresting Officer: | CAMPOS, EDDIE A | Disp Date: | 12/10/2009 |
| Complaint/Incident #: | P7841002-1 | Requested: | $0.00 |
| County: | BERKS | Judgment: | $0.00 |
| Township: | READING CITY | Case Status: | Adjudicated |

### DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | MENDOZA, JOSE | Address: | READING, PA 19601 |
| Date Of Birth: | Redacted | Sex: | Male |
| | | Race: | |

### CHARGES

| # | Charge | Grade | Description | Disposition |
|---|---|---|---|---|
| 1 | 18 § 5503 §§ A1 | S | DISORDERLY CONDUCT ENGAGE IN FIGHTING - SUMMARY | Guilty |

### CALENDAR

| Schedule Date | Event Type | Status |
|---|---|---|
| 12/10/2009 11:00 AM | Summary Trial | GT |

### CASE ACCOUNTING

| | | | |
|---|---|---|---|
| Total Due: | $301.00 | Total Adj: | $27.50 |
| Total Paid: | $0.00 | Balance: | $273.50 |

### AFFIANT INFORMATION

Name: CAMPOS, EDDIE A

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.